

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37478-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| HECTOR BERRY CARDENAS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Hector Cardenas appeals his convictions for two counts of vehicular assault. We affirm the convictions but remand to strike discretionary supervision fees from Mr. Cardenas's judgment and sentence.

FACTS

Mr. Cardenas was driving westbound on U.S. Highway 2 in Lincoln County when he lost control of his vehicle, crossed over the center line into the eastbound lane, and struck another vehicle. The collision caused the other vehicle to roll several times before coming to rest in a ditch. The rolled vehicle had two occupants, both of whom sustained injuries.

Law enforcement responded to the scene and determined Mr. Cardenas was not impaired. According to Mr. Cardenas, he was reaching for a dropped Red Bull can when he drove onto some gravel and lost control of his car. Mr. Cardenas was charged with two counts of vehicular assault.

Mr. Cardenas's case proceeded to trial. At the trial's outset, the court provided preliminary instructions, including the following: "[t]he lawyers' remarks, statements and arguments are intended to help you understand the evidence and apply the law. They are not evidence, however, and you should disregard any remarks, statements or arguments which are not supported by the evidence or by the law as I give it." Report of Proceedings (Feb. 27, 2020) (RP) at 53. The court further instructed that "[t]he evidence you are to consider consists of the testimony of the witnesses and the exhibits admitted as evidence . . . . You will disregard any evidence which is not admitted or which is stricken by me." *Id*. at 54.

Mr. Cardenas took the stand and testified during the defense's case-in-chief. During cross-examination, the prosecutor asked Mr. Cardenas whether he checked on the occupants of the other vehicle to see if they were okay. Defense counsel objected before Mr. Cardenas could answer, arguing that the question was irrelevant and prejudicial. The court responded:

> THE COURT: There has been some discussion about what everyone did at the scene. —it's relevant, or—
>
> [THE STATE]: Relevant as to disregard for the safety of others. He said he feared about the safety of others, so—he didn't check on the victims. I believe that's—
>
> [DEFENSE COUNSEL]: Objection, Judge.—
>
> THE COURT: Yeah. I'll—I'll grant the—sustain—I'll grant the objection. I think the issue is his driving, not his act after the driving.

*Id*. at 172-73. This colloquy between the prosecutor, defense counsel, and the trial judge occurred in front of the jury. However, the court ultimately sustained the objection. The trial court did not give a specific instruction to the jury to disregard the prosecutor's question.

Prior to closing arguments and outside the jury's presence, defense counsel moved for the court to instruct the jury to disregard the prosecutor's last question related to Mr. Cardenas's conduct after the accident. The court initially stated it sustained the objection and told the jury to disregard the question, or that further instruction was not required. Defense counsel asked the court to give the instruction regardless. The trial court stated, "I did clarify that we're dealing with [Mr. Cardenas's] driving, not with his actions after his driving. So I thought that was clear, . . . [and] emphasize [it is] something that's not necessary." *Id*. at 175. The trial court, the prosecutor, and defense counsel appeared to be unsure whether the instruction had already been given.

3

The trial judge and defense counsel asked the clerk of the court whether an instruction had already been given. The clerk's responses are recorded as "inaudible" in the report of proceedings, but it appears the answer was affirmative. *Id.* at 176-77. Defense counsel then withdrew his motion.

After closing arguments, the trial court judge repeated the contents of his preliminary instructions. The trial court told the jury:

> [THE COURT:] The evidence that you are to consider during your deliberations consists of the testimony that you have heard from witnesses, stipulations and the exhibits I have admitted during the trial. If evidence was not admitted or was stricken from the record then you are not to consider it in reaching your verdict.
> . . . .
> . . . If I have ruled that—that any evidence is inadmissible or if I have asked you to disregard any evidence then you must not discuss that evidence during your deliberations or consider it in reaching your verdict. Do not speculate whether the evidence would have favored one party or the other.
> . . . .
> The lawyers' remarks, statements and arguments are intended to help you understand the evidence and apply the law. *It is important, however, for you to remember that the lawyers' statements are not evidence*. The evidence is the testimony and the exhibits. . . . *You must disregard any remark, statement or argument that is not supported by the evidence or the law in my instructions*.
> You may have heard objections made by the lawyers during trial. Each party has the right to object to questions asked by another lawyer and may have a duty to do so. These objections should not influence you. Do not make any assumptions or draw any conclusions based upon a lawyer's objections.

*Id*. at 183-85 (emphasis added).

The jury found Mr. Cardenas guilty of both counts of vehicular assault. The court

subsequently imposed a term of 14 months' imprisonment. Mr. Cardenas now appeals.

ANALYSIS

*Prosecutor's remarks*

The primary issue on appeal pertains to the prosecutor's question to Mr. Cardenas

regarding whether Mr. Cardenas checked on the occupants of the other vehicle. Mr.

Cardenas characterizes the prosecutor's question as "offending information" or

"offending remarks" that should not have been admitted in the jury's presence. Br. of

Appellant at 9-10. Mr. Cardenas also claims his attorney was ineffective in failing to

ensure the trial court specifically instructed the jury to disregard the prosecutor's

questions.

Mr. Cardenas's argument rests on a faulty interpretation of the record. The

prosecutor was not a witness and never supplied the jury with any information. Instead,

the prosecutor asked a question. The question generated an objection, which was

sustained prior to any answer. The trial court repeatedly instructed the jury that the

lawyers' statements were not evidence. Nothing more needed to be done. We presume

jurors follow the court's instructions. *State v. Russell*, 125 Wn.2d 24, 84-85, 882 P.2d 747

(1994). Mr. Cardenas was not deprived of his right to a fair trial or to effective assistance of counsel.

*Supervision fees*

Supervision fees are governed by RCW 9.94A.703(2). This statute provides that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to: . . . [p]ay supervision fees as determined by the [Department of Corrections]." Given supervision fees are waivable, they are discretionary. However, they are not a "cost" under RCW 10.01.160 prohibited from being imposed on an indigent defendant. *See State v. Spaulding*, 15 Wn. App. 2d 526, 536, 476 P.3d 205 (2020).

The parties agree the trial court intended to waive all discretionary legal financial obligations. Yet the court failed to strike boilerplate language, buried in the judgment and sentence form, imposing discretionary supervision fees. Given the parties' agreement regarding the trial court's intent, we deem the court's failure to strike the supervision fees to be a clerical error. The trial court is directed to remedy this error on remand.

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In a pro se statement of additional grounds for review (SAG), Mr. Cardenas raises three issues. First, he claims the trial court erroneously concluded his two convictions did not constitute the "same criminal conduct" for the purpose of calculating his offender

score, leading to a miscalculation. Second, he asserts the State failed to provide sufficient evidence he drove with disregard for the safety of others. Third, Mr. Cardenas believes he was denied effective assistance of counsel due to his attorney's failure to introduce evidence he passed field sobriety tests at trial.

*Offender score*

For two or more offenses to qualify as the same criminal conduct at sentencing, there must not be more than one victim. *See* RCW 9.94A.589(1)(a) ("same criminal conduct" requires "the same victim"). Mr. Cardenas's offenses involved two victims. Thus, the sentencing court properly counted the offenses separately.

*Sufficiency of the evidence*

Mr. Cardenas contends the evidence at trial was insufficient to show he disregarded the safety of the two victims in the rolled vehicle. When faced with a sufficiency challenge, we review the evidence in the light most favorable to the State and ask whether any rational trier of fact could find the elements of the crime beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017).

To be guilty of vehicular assault, the State must prove a defendant operated a motor vehicle:

> (a) In a reckless manner and causes substantial bodily harm to another; or

> (b) While under the influence of intoxicating liquor or any drug, as defined by RCW 46.61.502, and causes substantial bodily harm to another; or
> (c) With disregard for the safety of others and causes substantial bodily harm to another.

RCW 46.61.522(1).

> "Disregard for the safety of others" means
> an aggravated kind of negligence or carelessness, falling short of recklessness but constituting a more serious dereliction than ordinary negligence. Ordinary negligence is the failure to exercise ordinary care. Ordinary negligence is the doing of some act which a reasonably careful person would not do under the same or similar circumstances or the failure to do something which a reasonably careful person would have done under the same or similar circumstances.

*State v. Imokawa*, 4 Wn. App. 2d 545, 560-61, 422 P.3d 502 (2018), *rev'd on other grounds*, 194 Wn.2d 391, 450 P.3d 159 (2019).

The State presented evidence Mr. Cardenas drove in an erratic fashion prior to the collision, frequently crossing the center line of the road, driving on the shoulder, and dangerously passing other vehicles. The collision occurred when Mr. Cardenas, driving well over the shoulder, overcorrected when returning to his lane, crossed the centerline, and struck the victims' vehicle. Mr. Cardenas himself testified he was not paying attention to his driving immediately prior to the collision but was instead reaching inside his car to recover a spilled beverage.

A rational jury could have easily concluded from this evidence Mr. Cardenas not only failed to drive with the care of a reasonably prudent person, but that his driving was well below that standard. This was sufficient to sustain the State's case.

*Assistance of counsel*

Mr. Cardenas contends he was denied effective assistance of counsel because his attorney failed to present evidence that he passed sobriety tests at the scene of the accident.

To prevail on an ineffective assistance of counsel claim, Mr. Cardenas must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Deficient performance means the attorney's "acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. Prejudice involves demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Failure to establish either component of an ineffective assistance claim precludes relief on appeal. *Id*. at 697.

Mr. Cardenas has not established either deficient performance or prejudice. There was no claim at trial that Mr. Cardenas was intoxicated. Thus, there was no need for Mr.

Cardenas's attorney to broach the issue. Nor was there any prejudice to the fact that this nonissue was not confirmed to the jury. Mr. Cardenas's ineffective assistance claim fails.

CONCLUSION

Mr. Cardenas's judgment of conviction is affirmed. This matter is remanded for the limited purpose of striking community custody supervision fees from the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:


_____
Lawrence-Berrey, J.



_____
Staab, J.

10